**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

CHRISTOPHER GOODVINE,

                    Plaintiff,

     v.                             Case No. 16-cv-890-pp

BRETT VANDEWALLE, *et al.*,

                    Defendants.

---

**DECISION AND ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 67) AND SETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

---

The plaintiff filed his complaint more than a year ago. Dkt. No. 1. He alleged, in part, that he was in danger because, despite his telling prison officials about his desires to hurt himself, the defendants had isolated him and were not properly monitoring him to keep him safe. At the time, U.S. District Court Judge Charles N. Clevert was presiding over the case. Judge Clevert screened the plaintiff's complaint, as required by the Prison Litigation Reform Act, and allowed the plaintiff to proceed on certain claims. See Dkt. No. 12. A couple of weeks later, Judge Clevert allowed the plaintiff to proceed on additional claims after partially granting the plaintiff's motion for reconsideration. See Dkt. No. 14.

On October 24, 2016, Judge Clevert partially granted the plaintiff's motion for a preliminary injunction, and scheduled a telephone conference for November 2, 2016. Dkt. No. 31. During the conference, Judge Clevert ordered

the defendants' counsel to confer with prison administration about the monitoring of plaintiff and about the availability of an emergency call button. Dkt. No. 40. Judge Clevert scheduled another hearing for the end of the month. Id.

On November 30, 2016, the parties updated Judge Clevert on the status of the case; they informed him that plaintiff was scheduled for a review of his segregation status, and that he was set to be released from the institution in a little over a month. Dkt. No. 46. The plaintiff acknowledged that he was receiving his medication and visits from a psychologist. Id. The plaintiff agreed to dismiss his lawsuit without prejudice, with leave to reopen the case by January 10, 2017 if the defendants' did not satisfy certain agreements between the parties. Id.

Less than a month later, Judge Clevert granted the plaintiff's motion to reopen the case. Dkt. No. 50. The defendants did not oppose the plaintiff's motion, but they indicated that mediation might help resolve the parties' disagreements. Id. Judge Clevert referred the case to a magistrate judge for mediation. Id. The clerk's office randomly referred the case to U.S. Magistrate Judge William Duffin.

On January 25, 2017, Judge Duffin returned the case to Judge Clevert. Dkt. No. 53. He explained that the plaintiff had been released from custody on January 17, 2017, and had not made contact with his supervising agent. Id. Because Judge Duffin had no means by which to contact the plaintiff or proceed with the mediation, he returned the case to Judge Clevert. Id.

A couple of weeks later, the plaintiff notified the court that he was in the Fond du Lac County Jail. Dkt. No. 57. He filed a separate letter indicating that he wanted to pursue the case and proceed to mediation. Dkt. No. 56. Judge Clevert again referred the case to Judge Duffin for mediation, and recruited counsel to represent the plaintiff for that purpose. Dkt. No. 58.

On March 27, 2017, due to Judge Clevert's pending retirement, the case was randomly reassigned to this court. Dkt. No. 61. A short time later, Judge Duffin scheduled the mediation for June 13, 2017. Dkt. No. 65.

On June 2, 2017, the plaintiff filed another motion for preliminary injunction. Dkt. No. 66. A week later, Judge Duffin issued an order cancelling the mediation. Dkt. No. 68. The order stated that the parties had agreed to cancel the mediation, and that based on information the parties had provided to him, he agreed that the mediation should not go forward. Judge Duffin returned the case to this court for further proceedings. Id. at 1.

Because Judge Clevert referred the case to mediation immediately after he reopened it, he did not set new discovery or dispositive motion deadlines. In addition, although the parties agreed to cancel the mediation, neither party has indicated to this court how the parties think the case should proceed. In attempt to get the case moving, the court will set deadlines.

The defendants have not responded to the plaintiff's June 2, 2017 motion for preliminary injunction. Dkt. No. 67. The court will require the defendants to respond to the motion by the end of the day on **July 28, 2017**. If the plaintiff

wants to file a reply brief in support of his motion, he may do so by **August 11, 2017**.

The court will require the parties to complete discovery by **October 13, 2017**. That means that the parties must serve their discovery requests on the opposing party at least *thirty days* before the deadline, to allow the opposing party sufficient time under the rules to respond by the deadline. The court reminds the parties that they must serve their discovery requests and responses on the opposing parties (the plaintiff should mail his requests and responses to the defendants' counsel), and not file them with the court.

The court notes that the plaintiff is suing unidentified defendants. The plaintiff should use discovery to identify the real names of the Doe defendants. Once he knows their real names, he should file a motion to substitute the real names for the Doe placeholders. The plaintiff must identify the Does' real names by **September 15, 2017**. If the plaintiff fails to identify the Does' real names by the deadline, the court may dismiss those defendants.

Finally, if the parties choose to file dispositive motions, the court will require them to do so by **October 20, 2017**. A party opposing a dispositive motion must file the opposition brief by **November 20, 2017.** Reply briefs in support of dispositive motions are due by **December 6, 2017**.

The court **ORDERS** the defendants to respond to the plaintiff's motion for preliminary injunction (Dkt. No. 67) by **July 28, 2017**. If the plaintiff wants to file a reply brief in support of his motion, he must do so in time for the ocurt to receive it by the end of the day on **August 11, 2017**.

The court **ORDERS** that the parties must complete discovery by **October 13, 2017**.

The court **ORDERS** the plaintiff to file a motion to substitute the real names of the Doe defendants in time for the court to receive it by the end of the day on **September 15, 2017**. If he fails to do so, the court may dismiss the Doe defendants.

If a party wishes to file a dispositive motion, the court **ORDERS** that the party must file the motion in time for the court to receive it by the end of the day on **October 16, 2017**.  The court **ORDERS** that the party opposing a dispositive motion must file the opposition brief in time for the court to receive it by the end of the day on **November 20, 2017.** Reply briefs in support of dispositive motions are due by the end of the day on **December 6, 2017**.

Dated in Milwaukee, Wisconsin this 12th day of July, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**