UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

    Plaintiff,

v.                                          Case No. 16-C-890

BRETT VANDEWALLE, et al.,

    Defendants.

## ORDER

On January 17, 2018, in addition to dismissing this case as a sanction against plaintiff, the Court ordered defendants to explain an apparent contradiction between statements in a declaration submitted by Security Director John Kind and the recently uncovered activities of Social Worker Chris Heil. ECF No. 111. Because the Court finds that Kind's representations to the Court were truthful, no further action by the Court is required.

Earlier in the case, Judge Clevert (the judge then assigned to the case) ordered defendants to respond to a motion for preliminary injunction filed by plaintiff. ECF No. 13. Plaintiff had alleged, in part, that defendants were interfering with his mail. ECF No. 11. In response, Kind submitted a declaration that stated, "Goodvine is currently not on mail monitor and his mail is being processed and delivered the same as every other inmate." ECF No. 20, ¶ 6. He further stated in the declaration, "[a]t no time have I or other GBCI staff interfered with plaintiff's filings to this court, withheld or destroyed incoming or outgoing mail and/or refused to facilitate legitimate calls with attorneys." *Id.* ¶ 13. More than a year later, plaintiff introduced evidence during an evidentiary hearing indicating that Heil was monitoring his mail during the time Kind said plaintiff was not on a mail monitor. Based on this evidence, plaintiff argued that Kind lied in his declaration.

On January 26, 2018, Kind filed a declaration addressing the apparent inconsistency. ECF No. 122. Kind explains that "mail monitor" is an official status approved by him (the security director), wherein designated staff members review each piece of an inmate's incoming mail with particular care and attention. *Id.* ¶ 4. When Kind prepared the October 2016 declaration, he confirmed that plaintiff was not on a mail monitor. *Id.* ¶ 5.

Kind only recently learned that, around that same time, plaintiff was complaining that he was not receiving mail from his family. *Id.* ¶ 6. In response to those complaints, Heil began to informally document the mail plaintiff received in an effort to confirm his complaints. ECF No. 123 ¶ 5. She did so with the approval of her supervisor, Unit Manager Cathy Francois, *not* at the direction of Kind. *Id.* Kind explains that this type of informal review is common, appropriate under institution policies, and does not require authorization from the security director. ECF No. 122 ¶6.

Kind also explains that in August 2016, Heil, after monitoring some of plaintiff's telephone calls, recommended, in part, that plaintiff's mail be monitored. *Id.* ¶ 7. While Kind directed that several security measures be taken with regard to plaintiff, he did *not* direct that plaintiff be placed on a mail monitor. *Id.* Kind again confirms that plaintiff was not on a formal mail monitor on October 6, 2016, when he filed his declaration. *Id.* ¶ 8.

The Court finds that Kind's recent declaration resolves the apparent inconsistency between his prior declaration and the evidence of Heil's activities that plaintiff presented at the evidentiary hearing. Because the Court finds that Kind's previous declaration was truthful, no further action is required.

**SO ORDERED** this 2nd day of February, 2018.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court