UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

    Plaintiff,

v.                                                Case No. 16-C-890

BRETT VANDEWALLE, et al.,

    Defendants.

**ORDER**

On January 3, 2018, the court held an evidentiary hearing on defendants' motion to dismiss plaintiff's case as a sanction. Following the hearing, the court found by clear and convincing evidence that plaintiff had filed a false and fraudulent declaration and then lied about it under oath. ECF No. 112. The court granted defendants' motion and dismissed plaintiff's case as a sanction on January 17, 2018. *Id.*

Plaintiff filed a notice of appeal about a week later. ECF No. 114. On February 14, 2018, plaintiff filed a motion to waive the cost of preparing the evidentiary hearing transcript. ECF No. 128. The next day, the court ordered plaintiff to provide it with an accounting of the funds he had received through settlements with the State in other cases, so it could fully understand how plaintiff had spent his money and determine whether it is appropriate to grant his request. ECF No. 129.

On February 22, 2018, plaintiff provided the court with an accounting of the settlement funds he has received since 2011. ECF No. 130. He explains that he has received about $30,500 from the State as a result of settling numerous cases. About $5,000 of that went to satisfy outstanding case

filing fees and medical co-pays, to pay for hygiene items and writing supplies, and to fund his release account. Plaintiff states that he gave nearly $10,000 to family members, including to his elderly mother and little sister, who at the time was living in a hotel with her four daughters after having just escaped an abusive relationship. Plaintiff also entrusted about $8,500 to his fiancee, who spent most of the money. Plaintiff explains that he spent the rest of the money on a vehicle, rent, and daily living expenses when he was out of prison from May 2015 until February 2016, and from January 2017 until March 2017. Plaintiff denies that he "has squirreled away funds." ECF No. 130 at 5.

Based on plaintiff's accounting, the court finds that his claims of indigence are credible and that he is therefore unable to afford the cost of preparing the evidentiary hearing transcript. Because the court acknowledges that the Court of Appeals will need the transcript in order to decide the issues on appeal, the court will grant plaintiff's motion.

**THEREFORE**, the court **GRANTS** plaintiff's motion to waive the cost of preparing the evidentiary hearing transcript (ECF No. 128). The clerk's office will prepare the transcript at no cost to plaintiff.

**SO ORDERED** at Green Bay, Wisconsin, this 1st day of March, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court